UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEROME RIDDICK,
    *Plaintiff*,

v.                                                                                    Case No. 3:24-CV-1341 (OAW)

JENNIFER CRUZ, *et al.*,
    *Defendants*.

## INITIAL REVIEW ORDER

Self-represented Plaintiff Jerome Riddick files this civil rights action for denial of adequate medical care against three defendants in their individual and official capacities: Jennifer Cruz; Jasmine Rivera; and Samantha Lockery. ECF No. 20, Am. Compl. 2 at ¶¶ 3–5. Plaintiff seeks compensatory and punitive damages. *Id.* at 6.

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints that seek redress from a governmental entity, governmental officer, or an employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b)(1)–(2).

The court has thoroughly reviewed Plaintiff's Amended Complaint. For the reasons set forth below, Plaintiff's Amended Complaint is **GRANTED**.

### I.    FACTUAL BACKGROUND

On December 12, 2023, Plaintiff submitted an "Inmate Request" to medical staff at the Connecticut Department of Correction ("DOC") regarding "a large painful bump" on

1

his head.  ECF No. 20, Am. Compl. ¶ 6.  A week later, Plaintiff was evaluated by the "nursing sick call" and was referred to the "provider sick call."  *Id.* ¶ 7.  About a month after that, Plaintiff's medical provider referred him for Outpatient Specialty Services ("OSS").  *Id.* ¶¶ 8–9.

The OSS staff—which includes Defendants Cruz, Rivera, and Lockery—placed Plaintiff on the OSS list.  *Id.* ¶ 10.  Despite this, Defendants Cruz, Rivera, and Lockery "refused to schedule" Plaintiff for an appointment at the University of Connecticut Health Center ("UCHC") to remove the large painful bump from his head.  *Id.* ¶¶ 11, 14, 17.  Plaintiff alleges he repeatedly requested an appointment but did not receive one for over eight months despite Defendants' access to his medical records.  *Id.* ¶¶ 12, 14, 20.

On February 18, 2025, Plaintiff was discharged from DOC and was moved to a halfway house where he eventually had surgery to remove the painful large bump from his head.  *Id.* ¶ 18–19.

## II.   DISCUSSION

Plaintiff alleges Defendants[1] were deliberately indifferent to his serious medical needs because they, as OSS staff, refused to schedule an appointment at UCHC to

---

[1]  Plaintiff's statement of the parties' states that he sues each defendant in their individual and official capacity.  *See* ECF No. 20, Am. Compl. at 2 ¶¶ 3–5.  But his prayer for relief only requests damages in the defendants' individual capacities.  *Id.* at 6.  The United States Court of Appeals for the Second Circuit instructs courts to construe unclear complaints as pleading both official and individual capacity claims.  *See Frank v. Relin*, 1 F.3d 1317, 1326 (2d Cir. 1993) ("[A] plaintiff who has not clearly identified in her complaint the capacity in which the defendant is sued should not have the complaint automatically construed as focusing on one capacity to the exclusion of the other.").

remove the "painful large bump" on his head despite their knowledge of its existence and his pain.  *Id.* ¶¶ 17, 20.  Because Plaintiff is a sentenced inmate,[2] his Section 1983 deliberate indifference claim is cognizable under the Eighth Amendment.  *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

## A. Eighth Amendment – Deliberate Indifference to Medical Needs

To establish an Eighth Amendment deliberate indifference to medical needs claim, a plaintiff must prove that "(1) objectively, the alleged deprivation of medical care was 'sufficiently serious,' and (2) subjectively, that the defendants acted or failed to act 'while actually aware of a substantial risk that serious inmate harm will result.'" *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006), which was abrogated on other grounds by *Kravitz v. Purcell*, 87 F.4th 111 (2d Cir. 2023)).

### i. Objective Prong

Under the objective prong, for a deprivation of medical care to qualify as "sufficiently serious" it must be "a condition of urgency, one that may produce death, degeneration, or extreme pain."  *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).  The objective inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner."  *Salahuddin*, 467 F.3d at 280.  Courts consider factors such as "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or

---

[2]   *See* DOC, Inmate Locator, www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=295006  (last visited Sept. 22, 2025).  The court may "take judicial notice of relevant matters of public record."  *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).

treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

Plaintiff alleges he suffered from a large, painful bump on his head which required surgery to remove. Am. Compl. ¶ 6, 19. At this stage of litigation, the court presumes Plaintiff's injury is a serious medical need; thus, Plaintiff has sufficiently pled the objective element of an Eighth Amendment claim for deliberate indifference to medical needs.

    ii.   <u>*Subjective Prong*</u>

Under the subjective prong, the charged officials must be subjectively reckless in their denial of medical care by acting or failing "to act while ***actually aware*** of a substantial risk that serious inmate harm will result." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (quoting *Salahuddin*, 467 F.3d at 280) (emphasis in original). Notably, the official "need only be aware of the risk of harm, not intend harm." *Id.* Awareness may be proven "from the very fact that the risk was obvious." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)). But allegations of negligence or medical malpractice are insufficient. *See Thomas v. Wolf*, 832 F. App'x 90, 92 (2d Cir. 2020) (citation modified).

Plaintiff alleges that Defendants knew he suffered from a painful condition because they placed him on the OSS list, yet they refused to schedule an appointment even after he subsequently submitted "multiple inmate requests and grievances for treatment." *See* ECF No. 20, Am. Compl. ¶¶ 10–12, 17, 20.

The United States Court of Appeals for the Second Circuit previously has affirmed the rejection of a deliberate indifference claim when a hospital implements an "elective

4

surgery referral procedure which requires review by a second or even third physician after the examining physician has determined that surgery is required … notwithstanding the delay engendered by such a procedure."  *Todaro v. Ward*, 431 F. Supp. 1129 (S.D.N.Y.), *aff'd*, 565 F.2d 48 (2d Cir. 1977).  Here, however, Plaintiff alleges he received a referral for outpatient services, but Defendants refused to schedule an initial appointment for unknown reasons.  Am. Compl. ¶¶ 8–9, 11, 14, 17.

The court finds that these claims would benefit from further development of the record and from the adversarial process.  For these reasons, Plaintiff may proceed on his Eighth Amendment deliberate indifference to medical needs claim against Defendants Cruz, Rivera, and Lockery in their individual capacities.  However, to the extent Plaintiff sues Defendants in their official capacity, his claim is dismissed because as state employees, Defendants are not considered persons within the meaning of Section 1983 when sued in their official capacity.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Defendants may file a motion to dismiss if they believe Plaintiff's allegations fail to state a claim for relief.

### III. ORDERS

Consistent with the foregoing, the court enters the following orders:

(1) **Plaintiff may proceed on his Eighth Amendment deliberate indifference to medical needs claims against Defendants Jennifer Cruz, Jasmine Rivera, and Samantha Lockery in their individual capacities.**

(2) **All claims against Defendants in their official capacities are DISMISSED.**

(3) The Clerk of Court is instructed to please correct the last name of Defendant

    Lockery on the docket (from Samantha Rivera to Samantha Lockery).

(4) The Clerk shall please verify the current work address for Defendants Jennifer Cruz, Jasmine Rivera, and Samantha Lockery with the DOC Office of Legal Affairs, mail to them at their confirmed address within **twenty-one (21)** days of this order **(October 14th, 2025)**, a waiver of service of process request packet containing the amended complaint (ECF No. 20), and also shall please report on the status of the waiver request on the **thirty-fifth (35th)** day after mailing. If Defendants fail to return the waiver request, the Clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on any such defendant, and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(5) The Clerk shall send a courtesy copy of the amended complaint and this order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(6) Defendants shall file their response to the amended complaint (either an answer or motion to dismiss) within **sixty (60)** days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If Defendants choose to file an answer, Defendants shall admit or deny the allegations and respond to the cognizable claim recited above. Defendants also may include any and all additional defenses permitted by the Federal Rules.

(7) Discovery, according to Federal Rules of Civil Procedure 26–37, shall be completed within **six months (180 days)** from the date of this order. Discovery

requests need not be filed with the court. Interim discovery deadlines established by the parties may be amended by their agreement without the need to seek court approval, so long as such extensions to not delay the deadline for completion of all discovery.

(8) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(9) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this order.

(10) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(11) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. He should also notify Defendants or defense counsel of his new address.

**IT IS SO ORDERED** at Hartford, Connecticut, this **22ⁿᵈ** day of September, 2025.

/s/
Omar A. Williams
United States District Judge