**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JEROME RIDDICK,
Plaintiff,

v.

JENNIFER CRUZ, et al.,
Defendants.

Case No. 3:24-cv-1341 (OAW)

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Self-represented Plaintiff, Jerome Riddick, seeks compensatory and punitive damages based on allegations that Defendants Jennifer Cruz, Jasmine Rivera, and Samantha Lockery denied him adequate medical care when they refused to schedule him for an outpatient visit to UConn Hospital for treatment for a painful lump on his head.

Plaintiff's claim survived initial review. Defendants now move for summary judgment and raise separate but related arguments. Defendants Cruz and Rivera argue that they were not personally involved in the facts underlying Plaintiff's allegations and therefore cannot be held liable. Defendant Lockery argues that Plaintiff's claim fails on the merits and alternatively that she is entitled to qualified immunity.

After careful review of the record, Defendants' motion for summary judgment hereby is **GRANTED**.

## I. PROCEDURAL BACKGROUND

Plaintiff filed an amended complaint against Jennifer Cruz, Jasmine Rivera, and Samantha Lockery in their individual and official capacities, alleging violations of his

constitutional rights under 42 U.S.C. § 1983 because Defendants refused to schedule an appointment at the University of Connecticut Health Center ("UConn") to remove a "large painful bump" from his head despite their knowledge of its existence and his pain. *See* ECF No. 20, Am. Compl. ¶ 6, 17, 20; *see also* ECF No. 21 (the court's Initial Review Order). After initial review, the court permitted Plaintiff to proceed on his Eighth Amendment deliberate indifference to medical needs claim against Defendants Cruz, Rivera, and Lockery in their individual capacities, finding Plaintiff's claims "would benefit from further development of the record and the adversarial process." ECF No. 21, p. 5.

Among other directives, the court ordered that "[d]iscovery, according to Federal Rules of Civil Procedure 26–37, shall be completed within **six months (180 days)** from the date of this order," *id.* at p. 6 (emphasis in original), and that "[a]ll motions for summary judgment shall be filed within **seven months (210 days)** from the date of this order," *id.* at p. 7 (emphasis in original).

Defendants moved for summary judgment 156 days after the court's Initial Review Order, *see* ECF Nos. 21, 31, and submitted a Statement of Undisputed Facts in support of their motion, ECF No. 31-2, as required under Rule 56(a)1. *See* D. Conn. L. Civ. R. 56(a)1.

Plaintiff twice moved for an extension of time to file an opposition to Defendants' motion for summary judgment, and the court granted both motions. *See* ECF Nos. 32–33 (granting Plaintiff's first motion for extension of time); ECF Nos. 35–36 (granting Plaintiff's second motion for extension of time and wishing him a complete and speedy recovery as Plaintiff represented he suffered a "major stroke"). Plaintiff then moved the court for an appointment of counsel, ECF No. 37, but the court denied Plaintiff's motion

without prejudice because Plaintiff had not satisfied the threshold requirement of demonstrating that he was unable to obtain counsel. ECF No. 39. The court also, taking into account Plaintiff's previous representations about his health at ECF No. 35, provided Plaintiff with an August 10 deadline to file a response to Defendants' motion for summary judgment because Plaintiff had not yet filed a response thereto. *Id.*

Plaintiff submitted his memorandum in opposition to summary judgment a few days after the court's order extending the deadline to file such motion, ECF No. 40[1], but Plaintiff did not file a Statement of Facts in Opposition to Summary Judgment as required under Rule 56(a)2. Therefore, the facts alleged in Defendants' Rule 56(a)1 Statement are deemed admitted if they are supported by competent evidence and the undersigned does not sustain an objection to the facts. *See* D. Conn. L. Civ. R. 56(a)1 ("Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be

---

[1] Plaintiff writes in his opposition that he has not had the opportunity to conduct "significant" discovery. ECF No. 40, p. 7. He adds that he "still desires to engage in that type of discovery," and that Defendants did not allow him to "conduct meaningful discovery." *Id.* at 7–8.

Plaintiff has neither moved the court to conduct additional discovery, nor indicated why he did not conduct discovery during the period designated for doing so. *See* ECF No. 20, pp. 6–7 (establishing the close of discovery as March 22, 2026); *see also* ECF No. 41, pp. 3–4 (arguing that Defendants have no control over Plaintiff's actions or failure to conduct discovery, that even though Defendants filed their summary judgment motion early, Plaintiff still had nearly one month within which to conduct discovery (between the time the summary judgment motion was filed and the close of discovery), and that Plaintiff did not suffer a stroke until March 31, 2026, which is after the close of discovery on March 22, 2026).

Moreover, and most critically, Plaintiff does not describe what specific discovery he intends to seek which proves fatal as "[a] party seeking to delay resolution of a summary judgment motion on grounds that he has been deprived of certain discovery materials 'must show that the material sought is germane to the defense, and that it is neither cumulative nor speculative, and a bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient.'" *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994)). Accordingly, to the extent Plaintiff moves for additional discovery under Rule 56(d), the court denies Plaintiff's motion.

deemed admitted . . . unless such fact is controverted by the Local Rule 56(a)2 Statement required to be filed and served by the opposing party . . . , or the Court sustains an objection to the fact.").

Defendants filed a reply to Plaintiff's opposition to summary judgment, ECF No. 41, and Plaintiff filed a sur-reply, ECF No. 42.[2]

## II. **FACTS**

On January 28, 2024, a non-party DOC medical provider referred Plaintiff to UConn for treatment for a large painful bump on his head. ECF No. 31-2, ¶ 1; ECF No. 31-7 at 2 (indicating the referral was for Plaintiff's lipoma). The medical provider designated the referral request as "priority five," which directs services to occur between two and thirteen months of the referral. ECF No. 31-2, ¶ 6.

Lockery, in her role as the Outpatient Specialty Services ("OSS") State Program Director, processed the medical provider's request for Plaintiff's outpatient services, *id.* at ¶¶ 2–5, and scheduled Plaintiff's outpatient appointment for January 14, 2025, an appointment date within the thirteen-month "priority five" timeframe, *id.* at ¶ 7. Nearly a week before Plaintiff's outpatient appointment, a UConn physician informed Lockery via

---

[2] A party cannot submit a sur-reply without permission of the court. *See* D. Conn. L. R. 7(d) ("No sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon a showing of good cause."). Plaintiff did not seek leave of the court to file his sur-reply at ECF No. 42, and so the court will not consider it. Further, the court already (and *sua sponte*) had extended Plaintiff's June 22 deadline within which to respond to Defendants' summary judgment motion. *See* ECF No. 39 (June 29, 2026). At ECF No. 40 (July 1, 2026), Plaintiff then filed his opposition to summary judgment, to which Defendants responded, *see* ECF No. 41 (July 7, 2026), identifying certain deficiencies in Plaintiff's summary judgment opposition. On this timeline, the court finds that it would prejudice the defendants to now accept and consider Plaintiff's sur-reply. The court cannot find good cause to take such action.

email that Plaintiff required ultrasound imaging before he could be seen at UConn. *Id.* at ¶ 8. Plaintiff's appointment was rescheduled for that purpose, *id.* at ¶ 9, but he was released from custody before an ultrasound could be scheduled, *see id.* at ¶ 10.

Defendants Cruz and Rivera claim they were not involved in scheduling Plaintiff's outpatient appointment. *Id.* at ¶¶ 11–21. Cruz, as MacDougall's Regional Chief Operating Officer (RCOO), oversees operations for the Health Services Unit, *id.* at ¶ 12, "does not provide patient care," *id.* at ¶ 13, and does not "approve, deny or administer requests for general surgical consultations," *id.* at ¶ 14. Therefore, "she did not have any involvement in the request for an appointment for a consultation with UConn concerning [Plaintiff's] head lump." *Id.* at ¶ 15. Similarly, Rivera, "had no input into when [Plaintiff] was scheduled for a general surgical consultation," *id.* at ¶ 21, as she does not handle scheduling outpatient appointments in her role as MacDougall's OSS Case Manager. *Id.* at ¶ 17. Rivera simply coordinates paperwork and transportation services for outpatient visits ***after*** the initial scheduling is completed and the surgical consultation appointment is approaching, and she "coordinates any post-visit paperwork or records that are generated by the visit." ECF No. 31-6, ¶ 7.

## III. LEGAL STANDARD

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113–14 (2d Cir. 2017) (quoting *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Substantive law determines which facts are material. *Anderson*, 477 U.S. at 248. "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense ...." *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). The court resolves all ambiguities and draws all permissible factual inferences in favor of the non-moving party. *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012). But the nonmoving party cannot "rely on conclusory allegations or unsubstantiated speculation," and must produce "specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (*Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir.2011)) (internal quotation marks omitted). To defeat a motion for summary judgment, the nonmoving party must offer concrete evidence upon which "the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis in original).

## IV. DISCUSSION

Defendants Cruz and Rivera argue they were not personally involved in the conduct underlying Plaintiff's claims and therefore cannot be held liable for a constitutional violation. ECF No. 31-1, pp. 10–11. Defendant Lockery argues that

Plaintiff's claims fail on the merits and alternatively that she is entitled to qualified immunity because there are no cases or other sources of law which would have put her on notice that her actions could be a constitutional violation. *Id.* at pp. 10–11. The court addresses each argument in turn.

**A. <u>Defendants Cruz and Rivera – Personal Involvement</u>**

Defense counsel argues that Defendants Cruz and Rivera are entitled to summary judgment because they were not personally involved in scheduling Plaintiff's initial appointment nor were they the reason his initial appointment was delayed. ECF No. 31-1, p. 10.

To "hold a state official liable under [section] 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir.1991)). "[T]here is no special rule for supervisory liability." *Tangreti*, 983 F.3d at 618. Instead, Plaintiff "must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

Here, Defendants Cruz and Rivera had no personal involvement in whether, or when, Plaintiff would be seen by a UConn physician. Cruz, as the RCOO at MacDougall, oversees the operations for the Health Services Unit but does not provide patient care, or "approve, deny or administer requests for general surgical consultations." ECF No.

31-2, ¶ 14. Therefore, she was not involved in the scheduling of Plaintiff's appointment, or in its delay. *Id.* at ¶ 15. Rivera, as MacDougall's OSS Case Manager, coordinates paperwork and transportation services for outpatient visits ***after*** initial scheduling is completed and the surgical consultation appointment date is nearing, ECF No. 31-2 ¶¶ 19–21; she also "coordinates any post-visit paperwork or records that are generated by the visit," ECF No. 31-2, ¶ 19. But she does not schedule inmate appointments with outpatient general surgical consultations, *id.* at ¶ 17, and therefore was not involved in Plaintiff's appointment, or its delay. *Id.* at ¶ 17.

Plaintiff argues in his opposition brief that "the defendants should not be permitted to hide behind their rules and policies." ECF No. 40, p.6. Plaintiff fails, however, to establish any record evidence which would create a genuine dispute of material fact as to whether Defendants Cruz and Rivera were personally involved in the events supporting his alleged constitutional violation. Accordingly, the court grants summary judgment in favor of Defendants Cruz and Rivera as to Plaintiff's Eighth Amendment claims.

**B. <u>Defendant Lockery – Eighth Amendment Deliberate Indifference to Medical Needs</u>**

Defense counsel argues Plaintiff's Eighth Amendment deliberate indifference to medical needs claim fails on the merits. ECF No. 31-1, pp. 5–7.

To establish an Eighth Amendment deliberate indifference to medical needs claim, a plaintiff must prove that "(1) objectively, the alleged deprivation of medical care was 'sufficiently serious,' and (2) subjectively, that the defendants acted or failed to act 'while actually aware of a substantial risk that serious inmate harm will result.'" *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (quoting *Salahuddin v. Goord*, 467 F.3d 263,

279–80 (2d Cir. 2006), abrogated on other grounds by *Kravitz v. Purcell*, 87 F.4th 111 (2d Cir. 2023)).

*i.* *Objective Prong*

Under the objective prong, for a deprivation of medical care to qualify as "sufficiently serious" it must be "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Salahuddin*, 467 F.3d at 280. Courts consider factors such as "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

Plaintiff alleges he suffered from a large, painful bump on his head which required surgery to remove. Am. Compl. ¶ 6, 19. At the initial review stage, the court presumed Plaintiff's injury constituted a serious medical need. ECF No. 21, p. 4. Defendants presently do not contest whether the objective prong is satisfied. *See* ECF No. 31-1, p. 5 ("For the purposes of this motion only, these Defendants are not contesting [the objective] prong."). The court, therefore, declines to analyze the objective prong.

*ii.* *Subjective Prong*

Under the subjective prong, the charged officials must be subjectively reckless in their denial of medical care by acting or failing "to act while actually aware of a substantial risk that serious inmate harm will result." *Spavone v. N.Y. State Dep't of Corr. Servs.*,

719 F.3d 127, 138 (2d Cir. 2013) (quoting *Salahuddin*, 467 F.3d at 280) (emphasis in original). Notably, the official "need only be aware of the risk of harm, not intend harm." *Id.* Awareness may be proven "from the very fact that the risk was obvious." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)). But allegations of negligence or medical malpractice are insufficient. *See Thomas v. Wolf*, 832 F. App'x 90, 92 (2d Cir. 2020) (citation modified).

Lockery argues Plaintiff fails to present evidence to satisfy the subjective prong. ECF No. 31-1, pp. 5–7. The court agrees.

Lockery scheduled Plaintiff's appointment to occur within the two-to-thirteen-months' period prescribed by the medical provider. *See* ECF No. 31-2, ¶ 6–7. A week before Plaintiff's outpatient appointment, a UConn physician informed Lockery via email that Plaintiff required ultrasound imaging before he could be seen at UConn. *Id.* at ¶ 8. Lockery followed the objectively reasonable instructions of the UConn physician, and the record does not suggest she had any reason to question them. Therefore, there is no record evidence to support a claim that she was deliberately indifferent to Plaintiff's medical needs. *See Wang v. Delphin-Rittmon*, 664 F. Supp. 3d 205, 221 (D. Conn. 2023) (citing *Douglas v. Stanwick*, 93 F. Supp. 2d 320, 326 (W.D.N.Y. 2000) (declining to impose liability in a medical deliberate indifference claim, where the Defendant acted in compliance with supervising doctor's "objectively reasonable" instructions)).

The court grants summary judgment as to Plaintiff's claim against Defendant Lockery because no reasonable jury reviewing the record could determine that Lockery acted with deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment.

### C. Qualified Immunity

Defense counsel also argues that Lockery is entitled to qualified immunity. ECF No. 31-1, pp. 8–9. Because the court granted Defendants' motion for summary judgment as to Plaintiff's only claim, the court need not address Lockery's qualified immunity argument and therefore declines to do so. *See Duamutef v. Hollins*, 297 F.3d 108, 113 n.1 (2d Cir. 2002) ("[O]nce we decide that there is no constitutional violation, there typically is no need to address whether defendants are also protected by qualified immunity ....").

## V. CONCLUSION

For the reasons discussed herein, the court **GRANTS** Defendants' Motion for Summary Judgment, ECF No. 31. The Clerk is asked to please enter judgment consistent with this order and to close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this **26**th day of **August**, 2026.

/s/
Omar A. Williams
United States District Judge